**UNITED STATES' DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CHUKWUMA E. AZUBUKO - Plaintiff<br><br>v.<br><br>JUDGE R. G. STEARNS – IN OFFICIAL CAPACITY - Defendant | CIVIL ACTION NUMBER:<br><br>CA 06 312 ML<br><br>**COMPLAINT** |

These would be the bases for the head.

01) Importantly, the Plaintiff would like to establish the august Court's jurisdiction vis-à-vis the proceedings. From experience, the Court would look into it seriously, because the Plaintiff resided not in Rhode Island. The Plaintiff deemed it intelligent to file the proceedings in Rhode Island owing to undue burdens. The Court had jurisdiction – *in personam* and general. [Article III Sections 1 and 2; Judicial Act of 1789; 28 U.S.C. Sections 1331 and 1346; 42 U.S.C. Sections 1981, 1983, 1985(3), 1986 and 1994; Fed. R. Civ. P. 4 (e), (i) and (k). To avoid any confusion, it should be noted that Fed. R. Civ. 4 had been associated with "national contacts" with sovereign or the United States and constituted basis for exercise of jurisdiction by any federal court and not states' courts. In the case of *Baltin v. Alaron Trading Corp.*, the 11th Circuit ruled, thus:

> "In a given case, a federal court must have at least one of three types of subject matter jurisdiction: 1) jurisdiction under a specific statutory grant; 2) federal question jurisdiction pursuant to 28 U.S.C. Section 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. Section 1332(a). *See Klein v. Drexel Burnham Lambert*, 737 F.Supp. 319, 323 n. 11 (E.D.Pa. 1990). In this case, the district court did not have any of the three types of subject matter jurisdiction."

02) The proceedings associated with intent to depriving the Plaintiff the First and Thirteenth Amendments' to the United States' Constitution rights. [Exhibit 1] Such condescension – restriction of access to courts - had been deemed unconstitutional and illegal. [*Jennifer K. Hardbury v. John M. Deutch*, et al., D.C. Cir., No. 99-5307; *Harrison v. Springdale Water & Sewer Com.* (1986, CA8 Ark) 780 F2d 1422; *Armstead v. Pingree* (1986, MD Fla) 629 F.Supp. 273]

03) The Defendant and his Attorney/s should not aim at quashing of the proceedings on the bases of judicial immunities and Fed. R. Civ. P. 12 these and those. In 1998 the Supreme Court of the United States voted 5-4 ensuring that there would be no sacred cow in a democratic dispensation. The excerpt in "The Boston's Globe" - May 05th – 1998 was entitled: "Justices ease rule for suing officials." On judicial immunity an excerpt read:

"Besides civil rights actions, judicial immunity is available only in defense of civil lawsuits for damages. Judges still can be sued in their official capacity for nonjudicial acts, such as sexual harassment, employment disputes with court workers, the adoption of court procedures and rules, and a judge's criminal acts."

"Judges have given themselves judicial immunity for their judicial functions. Judges have no judicial immunity for criminal acts, aiding, assisting, or conniving with others who perform a criminal act, or for their administrative/ministerial duties. When a judge has a duty to act, he does not have discretion – he is then not performing a judicial act, he is performing a ministerial act."

04) As stated, the gist of the proceedings lent itself to reckless deprivation of constitutional rights. That had been considered legal taboo, in all ramifications. Excerpts in that respect read:

Justice Bradley: "It may be that it is the obnoxious thing in its mildest form; but illegitimate and unconstitutional practices get their first footing in that way; namely, by silent approaches and slight deviations from legal modes of procedure. This can only be obviated by adhering to the rule that constitutional provisions for the security of persons and property should be liberally construed. A close and literal construction deprives them of half their efficacy, and leads to gradual depreciation of the right, as if it consisted more in sound than in substance. It is the duty of the Courts to be watchful for the Constitutional Rights of the Citizens, and against any stealthy enroachments thereon. Their motto should be *Obsta Principiis*." [*Boyd v. United*, 116 U.S. 616 at 635 (1885)]

"It will be an evil day for American Liberty if the theory of a government outside supreme law finds lodgment in our constitutional jurisprudence. No higher duty rests

upon this Court than to exert its full authority to prevent all violations of the principles of the Constitution." [*Downs v. Bidwell*, 182 U.S. 244 (1901)]

"Constitutional 'rights' would be of little value if they could be indirectly denied." [*Gomillion v. Lightfoot*, 364 U.S. 155 (1966); *Smith v. Allwright*, 321 U.S. 649.644]

05) The basis of the Complaint – Exhibit 1 – had bearings on the United States' Supreme Court ruling associated with "Judges as Criminal" and sub-headed "Trespassers of the Law." Its excerpt was thus:

> "Under Federal law which is applicable to all states, the United States' Supreme Court stated that if a court is "without authority, its judgements and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers." [*Elliot v. Piersol*, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828]

06) The Plaintiff appreciated the fact that the Defendant approved the fee waiver application, but the intent to poison the mind of the First Circuit Court defied logic. The Defendant should know better! The cancerous and impious remark was tantamount to obstruction of justice, which had civil and criminal implications. The Defendants and his friends in wicked judicial policy implementation were controlling what was self-controlled. The Plaintiff abused the courts' processes by commencement of proceedings, in a manner of speaking. Then, if the Plaintiff negligently sued someone, the victim/s had legal remedies. "Nobody reminds a wise dog to bite or an intelligent wo/man to stay away from scorching or blazing sunshine." The common law provided for what the Defendant and his friends angled at controlling, thus "*malicious prosecution*." The Plaintiff as far as he lived squarely believed in the nonpareil or matchless United States' Constitution and Law. The Plaintiff had said that 'The Lord firstly, the United States' Constitution and Law are his shepherds and he will not be afraid to embarking upon any lawful acts.' How else could one yield to a sovereign authority that the Defendant and his friends had never seen from the Plaintiff? The Plaintiff had been babyishly and unintelligently arrested from classroom! United States should not be equated with Iraq!

07) The Plaintiff 101% subscribed for the *Rule of Law* and *Social Contract*. Still the Defendant and his *group thinkers* failed to seeing the woods from the trees. What would they want? The Plaintiff shaving his teeth? The Plaintiff would brotherly or sonly reminded them that he had no hair on his teeth. Therefore, they should desist from crying for the moon [as a birthday gift or jurisprudentially] If they needed legal hand holding in that regard and embraced *intellectual humility*, the Plaintiff would oblige them expeditiously, timelessly and tirelessly. What affected the noses affected the eyes, but they could disagree with the Plaintiff if they deemed it intelligent to do so. By and by, "All knives will be returned to the knife-smiths." [Proverb] Factly, nobody could hide an advanced pregnancy. It would not be unhealthful for them to joining the crusade of "Free At Last And Thank God Almighty."

08) 'The world mankind lives in it has been pregnant and nobody knows what it will deliver given there is sonogram.' Calling it okra soup would not be crassly unintelligent, because no intelligent wo/man ate it mechanically or forcefully. It had been likened to sleep and no one fell asleep with force. The Defendant and his colleagues should refrain from taking interest in the abuse of the process. An oath of office was taken to protect and defend the Law and Constitution of the United States. The position the Defendant and others occupied made them to be near-God or visible God to mankind and it should dawn on them that the duties should be performed in the most God's fearing manners. The Defendant and others were not the first occupants of the position of judgeship in the history of the United States and would not be the last one. Life had been a continuum and the importance of *inter-generational equity* should not be overemphasized. The Plaintiff prayed for the Defendant and his phalanxes to understanding that "The hen with chickens cannot sleep on top of the tree." To a man with visions, tomorrow would be greater than yesterday. Truly, *appropriate adults* should not abuse the soup! With candor in communications, 'what one knows will know one' and 'whatever one does, one will carry them with her/his head.' As had been known, "God watches humanity from a close distance, at all material times." The Plaintiff could understand and empathized! The Plaintiff knew when one leered at him. In essence, it could be mountainously difficult to learn/ing how to us(e)/ing one's left

hand at old age if one were right-handed, vice versa. Mankind could be better angels if they deemed it intelligent to be so.

The Plaintiff would seek compensatory and punitive damages for intentional infliction of emotional distress, which associated with defamation aimed at deprivation of scintillating constitutional rights in the amount of $1.5M excluding cost and interest. Hopefully, the august Court would be endowed with the Solomonic wisdom to ensuring that "Justice will be done and be seen to be done," at all material times or without fear or favor. Of course, 'Nobody has been allergic to justice hence it had been likenable to water and air: being allergic to it would be near-dead.' Again, a judge enjoyed no immunity to aim at poisoning higher court's mind, which would culminate into deprivation of brilliant constitutional rights. Even in Iraq, sometimes, there were rules or method to the madness!

CHUKWUMA E. AZUBUKO,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.
Telephone: (617) 265 6291.

Dated Monday – June 19th – 2006.