UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHUKWUMA E. AZUBUKO | : | |
| | : | |
| v. | : | C.A. No. 06-312ML |
| | : | |
| JUDGE R.G. STEARNS, in official capacity | : | |
| | : | |

**REPORT AND RECOMMENDATION FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

Before this Court for Determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (Document No. 2) pursuant to 28 U.S.C. § 1915. On July 12, 2006, Plaintiff Chukwuma E. Azubuko filed a *pro se* Complaint against United States District Judge Richard G. Stearns of the District of Massachusetts in his official capacity. Plaintiff's Complaint was accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $350.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, this Court concludes that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (Document No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review the Plaintiff's Complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, this Court recommends that Plaintiff's Complaint be DISMISSED WITH PREJUDICE because it is

"frivolous," "fails to state a claim on which relief may be granted," and "seeks monetary relief against a defendant who is immune from such relief" pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Facts**

Although Plaintiff's Complaint is somewhat rambling, it can be boiled down to one simple claim. Plaintiff seeks damages in the amount of "$1.5M excluding cost and interest" from Judge Stearns for a single ruling he made in Azubuko v. Metropolitan Boston Housing P'ship Corp., C.A. No. 05-12163 RGS (D. Mass); No. 06-1157 (1st Cir.). On April 4, 2006, Judge Stearns, at the request of the First Circuit Court of Appeals and pursuant to Fed. R. App. P. 24(a), allowed Plaintiff's IFP application and added, "however I caution the Court of Appeals that appellant [Mr. Azubuko] is a much enjoined litigant in this Court and others." Plaintiff contends that "a judge enjoyed no immunity to aim at poisoning higher court's mind, which would culminate into deprivation of brilliant constitutional rights." Compl., p. 5.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A claim "is frivolous where it lacks an arguable basis either in law

or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

This Court is recommending that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

Plaintiff's Complaint regarding Judge Stearns' one sentence order is frivolous. This Court has researched Plaintiff's litigation history in this Circuit and finds Judge Stearns' cautionary statement to the First Circuit to be both accurate and appropriate. Plaintiff's Complaint is also barred by the doctrine of judicial immunity. "A judge is absolutely immune from liability in civil actions arising out of the performance functions unless the judge's actions are taken in the 'clear absence of all jurisdiction.'" DeWitt v. Ventetoulo, 803 F. Supp. 580, 582 n.2 (D.R.I. 1992), quoting Stump v. Sparkman, 435 U.S. 349, 357 (1978). See also Tamburro v. City of East Providence, 981 F.2d 1245 (1st Cir. 1998), 1992 WL 380019 (1st Cir. 1992) (unpublished opinion) ("the actions of a state court judge in denying in forma pauperis status are protected by judicial immunity and thus

provide no legitimate basis for § 1983 liability"). Here, Judge Stearns clearly had jurisdiction under Fed. R. App. P. 24(a) to act on Plaintiff's IFP application and, in fact, it was transmitted to him by the First Circuit for "action in the first instance." See March 29, 2006 Order in C.A. No. 06-1157. Thus, he is entitled to absolute judicial immunity in this action. Further, it does not appear that venue here is proper, as neither Plaintiff nor Judge Stearns reside in this District, and none of the conduct complained of by Plaintiff occurred here. See 28 U.S.C. § 1391(e).

**Conclusion**

For the reasons stated, Plaintiff's Motion to Proceed In Forma Pauperis (Document No. 2) is GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(I), (ii) and (iii), this Court further recommends that Plaintiff's Complaint be DISMISSED WITH PREJUDICE. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
July 14, 2006