**UNITED STATES' DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

CIVIL ACTION NUMBER:
06-312ML

AZUBUKO -
Plaintiff

v.

STEARNS -
Defendant

**PLAINTIFF'S MOTION FOR ESTABLISHMENT OF REASONS FOR PRECOCIOUS DISMISSAL AND/OR FIRST MOTION FOR RECONSIDERATION**

The Plaintiff received the Court's dismissal ORDER dated July 31st and postmarked self-same date on Saturday – August 04th – 2006. The insidious and invidious dismissal was not unexpected. The Plaintiff knew where the Court was coming from socio-psychologically [speaking] The socio-psychological approaches would not be substituted for facts and the law. They should resoundingly prevailed, because thinkings would not be equated with feelings in the legal kingdom no matter whose ox would be gored. Consequently, the Plaintiff effusively prayed the Court to act in keeping with the head. There were no legal doctrine the Court raised in her "Report And Recommendation For Summary Dismissal Pursuant To 28 U.S.C. Section 1915(e)" dated July 14th – 2006.

Section 1915(e) constitutionally speaking should not be basis for deprivation of constitutional rights.

Denied. Mary M. Lisi USDJ 8/10/06

**CONCLUSION**

The august Court had rendered her unfavorable verdict and it did not match with precedents. Therefore, could Court apply intellectual humility and engaged on self-correction. There existed nothing legally conceivable for the Court to condemn the proceedings to judicial activism treatment. Invaluable time should not be mooned away microscopically and macroscopically in the name of appeal. Nonetheless, if it became an

Hobson's choice, the Plaintiff by God's exceptional love and grace would rise up to the occasion, at all material times.

Respectfully submitted on Monday – August 06th – 2006.

CHUKWUMA E. AZUBUKO,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.
Telephone: (617) 265 6291.

**CERTIFICATE OF SERVICE**

The Plaintiff would not serve the head to the Defendant. The Court usurped the roles of Attorney for the Defendant. The premature intervention of the Court lent itself to practically numberless conclusions despite "… Justice for all … inclusion in the National Anthem.

CHUKWUKW E. AZUBUKO,
Pro Se.